IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMONTAE WILLIAMS,  )<br>individually and as a representative  )<br>for all similarly situated persons,  )<br>and DARRYL WILLIAMS,  )<br>individually and as a representative  )<br>for all similarly situated persons,  )<br>  )<br>　　　　Plaintiffs,  )<br>  )<br>　vs.  )<br>  )<br>BOARD OF EDUCATION OF  )<br>THE CITY OF CHICAGO,  )<br>THE DAVID LYNCH FOUNDATION,  )<br>and the UNIVERSITY OF CHICAGO,  )<br>  )<br>　　　　Defendants.  )  | Case No. 20 C 4540 |

### ORDER ON PLAINTIFFS' MOTIONS FOR RECONSIDERATION

Plaintiffs Amontae and Darryl Williams[1] have moved for reconsideration of the Court's September 13, 2022 ruling denying Amontae's motion for class certification and dismissing Darryl's claim for lack of standing. *See Williams v. Bd. of Educ. of the City of Chicago*, No. 20 C 4540, 2022 WL 4182434 (N.D. Ill. Sept. 13, 2022). The Court denies both motions for the reasons stated below.

**1.     Darryl's motion**

In its prior rulings, the Court stated that although parents have the right to direct their children's religious upbringing under the Establishment Clause and Free Exercise

---

[1] The Court will refer to Amontae Williams and Darryl Williams by their first names to avoid confusion.

Clause, it found no case extending that right to parents of adult children. *Williams*, 2022 WL 4182434, at *5. Darryl therefore has standing to bring a claim "only to the extent his claims involve events that took place before his son's eighteenth birthday." *Id.* (quoting *Separation of Hinduism From Our Schs. v. Chicago Pub. Schs., City of Chicago Sch. Dist. #299*, No. 20 C 4540, 2021 WL 2036536 (N.D. Ill. May 21, 2021). The record reflects, however, that Amontae did not learn or witness any Transcendental Meditation until after he became an adult. *Id.* Darryl also contended that "Amontae was coerced as a minor because the defendants gave other students food and snacks," but the Court found no legal or factual basis to conclude that "offering pizza and snacks to encourage student participation in optional activities is equivalent to holding a graduation ceremony in a church or permitting student-led prayers at football games." *Id.* For these reasons, the Court concluded that Darryl lacked standing.

Darryl now seeks reconsideration of the dismissal of his claims. But "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Darryl's motion for reconsideration lacks merit. He contends that the Court erred in concluding that no students meditated at Bogan High School during Amontae's junior year. That finding, however, was based on Amontae's own deposition testimony. In response to questions about his junior year, Amontae testified that "[n]o one in the building was doing [Transcendental Meditation] until the administrators from the Quiet Time came in the next year." Defs.' Combined Opp'n to the Mot. for Class Certification

2

of Pl. Amontae Williams, Ex. 11, at 69:4–6 (dkt. no. 189-2).  Amontae also stated that "[e]veryone in the entire building was not meditating during Quiet Time.  Some people choose to sneak and be on their phone or got to sleep or whatever, but no one was meditating" and "[f]rom what I saw my junior year there, when it was Quiet Time, nobody was meditating."  Id. at 69:12–15, 73:6–7.  When asked "[s]o your *first experience* with Transcendental Meditation was *your senior year* in high school at Bogan the 2018-2019 year, is that right?" Amontae responded "[t]hat is right." Id. at 73:20–23 (emphasis added).  The plaintiffs offered no evidence directly contradicting Amontae's testimony or otherwise indicating that he meditated or witnessed any meditation as a minor.

Darryl never addresses Amontae's statements in his motion.  Instead, he cites evidence to the effect that (1) Bogan High School implemented Quiet Time during the 2017-18 school year, (2) there were students trained in Transcendental Meditation across the three schools that implemented Quiet Time that year, (3) school officials created a form to allow parents to "opt-out" of Quiet Time and meditation instruction in October 2017, and (4) the school sent a letter informing parents it would continue the Quiet Time program in the 2018-19 school year.  Darryl says this evidence indicates that the defendants were teaching Amontae and other students Transcendental Meditation and instructing them to meditate, and he contends that it is irrelevant whether Amontae knew if other students were meditating.  But Darryl's standing covers the period when Amontae is a minor and is derivative of *Amontae's* experience.  To put it another way, Darryl's rights as a parent were not violated by the exposure of other students to Transcendental Meditation.  Thus the evidence Darryl now cites regarding

3

other students is beside the point; it does not in any way undermine the Court's finding that "*Amontae* was not present for any initiation ceremonies or instructor-led meditations while he was a minor." *Williams*, 2022 WL 4182434, at *2 (emphasis added). Even with the new evidence, Darryl cannot show that the defendants' actions interfered with his right to direct his son's religious upbringing.

The rest of Darryl's motion "rehash[es] previously rejected arguments" that assume Amontae witnessed or was present for instructor-led meditation as a minor.[2] *Caisse Nationale*, 90 F.3d at 1270. These contentions are neither appropriate in a motion to reconsider nor supported by the factual record.

For these reasons, the Court denies Darryl's motion for reconsideration. The plaintiffs also make a request for time to add a new parent-plaintiff who would have standing. But the time for adding new parties expired long ago; the final extension was to December 24, 2021. At this point the plaintiffs must show good cause to modify the expired deadline, *see, e.g.*, Fed. R. Civ. P. 16(b)(4), an inquiry that includes considerations of timeliness and diligence. The Court concludes that this is best assessed if and when a request is made to add an actual plaintiff, rather than in the

---

[2] Darryl also argues that his rights were violated because Amontae may have received a grade for his participation in Quiet Time as a minor, but the evidence only shows that some—but not all—teachers gave a grade for Quiet Time that did not appear on students' transcripts. Defs.' Combined Opp'n to the Mot. for Class Certification of Pl. Amontae Williams, Ex. 5, at 37:6–13, 38:16–20, 39:1–6. (dkt. no. 189-2). Darryl points to no evidence indicating that Amontae received a Quiet Time grade or believed his participation in Quiet Time would impact his grades. Instead, Darryl seems to contend—without any legal support—that he has a right as a parent to prevent the school from offering *other* students food or snacks to encourage participation in non-mandatory activities like learning Transcendental Meditation. That is not the law.

4

blind. The Court therefore denies request without prejudice.

**2.     Amontae's motion**

In denying Amontae's motion for class certification, the Court found that he was not an adequate class representative. *Williams*, 2022 WL 4182434, at *4–5. It noted that the legal services agreement between Amontae and plaintiffs' counsel required Amontae to "surrender[] his responsibility to make final litigation decisions to a 'Steering Committee' composed of proposed class counsel and other individuals unknown to the Court, not including Amontae himself." *Id.* at 4. Amontae therefore became a figurehead plaintiff with no ability to monitor his counsel's conduct or knowledge about the "decisions, operations or membership of the committee." *Id.* The Court took note of the fact that "the plaintiffs' counsel has so little trust in his own client's abilities that he created a committee to remove decision-making authority from that client," which led the Court to conclude that Amontae was not "trustworthy enough to protect the interests of the class." *Id.* at 5 (internal citation omitted).

After the Court's September 13 decision, plaintiffs' counsel amended his legal services agreement with Amontae. Pl.'s Mot. to Reconsider Denial of Student Class Certification, Ex. A (dkt. no. 209). Counsel purports to have abolished the Steering Committee and argues that Amontae is now an adequate class representative because the Committee no longer exists.

Yet the problem is not the existence of the Committee, but rather its implications regarding Amontae's adequacy as a class representative. The Court found Amontae not sufficiently trustworthy to serve in that capacity because "the plaintiffs' counsel has so little trust in his own client's abilities that he created a committee to remove decision-

5

making authority from that client." *Id.* After the defendants raised concerns about adequacy, plaintiffs' counsel admitted that Amontae was being "led by others, older, hopefully wiser and more spiritually mature" and argued that "rather than disqualifying him, [Amontae's consent to the Committee's authority] shows him to be *highly qualified*." Reply in Supp. of Pl.'s Mot. for Class Certification for the Students at 9 (dkt. no. 195) (emphasis in original). Plaintiffs' counsel failed to cite any legal authority lending support to this argument, instead stating only that "Lao Tzu is quoted as saying, '[t]he wise man is the one who knows what he does not know." *Id.* Belatedly abolishing the Committee now—more than two years after bringing this suit and only because this Court found that it precluded class certification—does nothing to address the concerns raised by plaintiffs' counsel's decision to strip Amontae of his decision-making authority in the first place.

For these reasons, the Court denies Amontae's motion for reconsideration.

## Conclusion

For the foregoing reasons, the Court denies the plaintiffs' motions for reconsideration [dkt. nos. 207 & 209].

                                                                   _____
                                                                       MATTHEW F. KENNELLY
                                                                       United States District Judge

Date: November 18, 2022